JS - 6

E-FILED: **1/13/2009**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOE NATHAN TAYLOR, | No. CV 08-08602-GHK (VBK) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| F. GONZALEZ, | |
| Respondent. | |

On December 29, 2008, Joe Nathan Taylor (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California. Petitioner pled guilty to violating California Penal Code ("PC") §286(d), forcible sodomy, in January of 1989. Petitioner was sentenced to five years in prison. (Petition at 2.) Petitioner did not file an appeal in the California Court of Appeal nor a Petition for Review in the California Supreme Court. Id. at 2-3.

Petitioner filed a "Notice of Motion and Motion to Withdraw Guilty Plea: Points and Authorities" and "Affidavit in Support of Motion to Withdraw Guilty Plea" in the Los Angeles County Superior

Court. (See attachment to Petition.)  On June 19, 2008, the Los Angeles County Superior Court issued a minute order requesting the District Attorney to informally respond. (See minute order dated June 19, 2008 attached to Petition.)

On October 6, 2008, the Los Angeles County Superior Court issued a minute order denying Petitioner's Writ Petition filed on September 16, 2008.  The Court noted that it had "read and reviewed the current Writ request and notes the case of People v. McClellan, 6 CA 4th 367, which stated Petitioner's position, 'but for the erroneous advice, defendant would not have entered the guilty plea;' but then went on to state, 'since the parties had not mentioned Penal Code Section 290 requirements in negotiating the agreement; hence defendant/Petitioner is not entitled to relief.'"  The Court further noted since "Petitioner was able to resolve the case in conjunction with Case A439418 pending at the same time separately and as indicated in 'McClellan,' the plea offered a substantial benefit to the defendant/Petitioner." (See minute order dated October 6, 2008 attached to Petition.)

Petitioner has raised the following five claims in the within Petition: "(1) ineffective assistance of counsel; (2) the court did not warn of possible sex offender registration nor did the court require or indicate in a minute order or abstract of judgment; (3) had [Petitioner] known or been advised of sex offender registration Petitioner would not have changed plea to that of guilty; (4) [Petitioner] was not advised that guilty plea would reflect forcible sodomy but a 'package deal' all defendants must take dismissing additional charges; and (5) because it waives numerous constitutional rights a guilty plea must be knowing, intelligent and voluntary." (See

2

1 | Petition at 5-6.)

2 |     It appears conclusively from the face of the Petition that state
3 | remedies have not been exhausted.  There is no indication in the
4 | Petition whatsoever that the California Court of Appeal or California
5 | Supreme Court have been given an opportunity to rule on Petitioner's
6 | contentions.

7 |     A federal court will not review a state prisoner's petition for
8 | writ of habeas corpus unless it appears that the prisoner has
9 | exhausted available state remedies on each and every claim presented.
10 | 28 U.S.C. § 2254(b) and (c); Carothers v. Rhay, 594 F.2d 225, 228 (9th
11 | Cir. 1979); see Rose v. Lundy, 455 U.S. 509, 522 (1982).  "For reasons
12 | of federalism, 28 U.S.C. § 2254 requires federal courts to give the
13 | states an initial opportunity to correct alleged violations of its
14 | prisoners' federal rights."  Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th
15 | Cir. 1983).

16 |     Exhaustion requires that the prisoner's contentions be fairly
17 | presented to the highest court of the state.  Carothers, supra, 594
18 | F.2d at 228; see Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983).
19 | A claim has not been fairly presented unless the prisoner has
20 | described in the state court proceedings both the operative facts and
21 | the federal legal theory on which his claim is based.  See Anderson v.
22 | Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

3

(9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).

Accordingly, it is **ORDERED** that the Petition be dismissed without prejudice.

DATED: 1/13/09

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented this 6th day of January, 2009 by:

_____/S/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE